## Carlow v. The Prudential Insurance Company of America

*William J. Franks*, for plaintiff.
*Parshall & Crow*, for defendant.

DUMBAULD, J., February 20, 1961.—From the original complaint in this case, we learn that plaintiff's daughter was born in the Uniontown Hospital and was not discharged therefrom until 32 days after birth. By the terms of an insurance policy, she became a covered

dependent of plaintiff's upon becoming two weeks old. From the amended complaint, we learn that she was born prematurely; that she was hospitalized by virtue of a rule of the hospital until she attained the weight of five pounds, eight ounces.

Under these circumstances, can plaintiff recover benefits payable under a policy provision that "If sickness or accidental bodily injury requires the confinement of . . . any covered dependent . . . and the confinement commences while this policy is in force and such person is covered, the Company" will pay the benefits specified in the policy?

At the argument, plaintiff substantially conceded that, if this court's prior opinion of October 21, 1960, 24 Fayette 13, is correct, the added allegations of the amended complaint do not materially change the situation. While it is alleged that the process of birth had been completed, in the sense that the umbilical cord had been severed, and the child was a separate legal personality,* yet it is clear that the hospital rule requiring a certain weight is a rule relating to or incident to the birth. It is not a rule of independent significance, such as a rule that a patient shall not be discharged without a physician's order, or without provision for paying the hospital bill. It is a rule relating to the birth of a child in the hospital, designed to ensure that the child is viable and adequately developed to endure the rigors of extra-institutional life. It is a rule incident to the birth. So that, unless the court was wrong before, plaintiff still has no cause of action.

We have reexamined the grounds of plaintiff's original contention.

Plaintiff contends that the court's interpretation of the language requires addition of the word "while" in the policy provisions, so that it would read: "If

---

* As for some purposes, it would be even before birth. Sinkler v. Kneale, 401 Pa. 267, 272-73 (1960).

sickness . . . requires the confinement of . . . any covered dependent . . . and the confinement commences while this Policy is in force and (while) such person is covered, the Company will periodically pay . . ."

Plaintiff would read it as saying: "If sickness . . . requires the confinement of . . . any covered dependent . . . and (if) the confinement commences while this Policy is in force and (if) such person is covered, the Company will periodically pay . . ."

While agreeing that a policy should be construed against the insurance company which drafted it, we think the plain meaning of the language used is such as to exclude the interpretation placed upon it by plaintiff.

We are then confronted with the questions, "What is a confinement?" and "When does it commence?"

In other words, would the child's *remaining* in the hospital after it attained the age of two weeks be a *confinement* which *commenced* the day after it reached that age?

Probably the reasonable meaning would be that a confinement, like a short story, should have a beginning, a middle and an end; so that the whole period of the child's stay would be regarded as a single confinement, beginning with the doctor's order for hospitalization, or, in this case the birth of the child, continuing throughout her sojourn in the hospital and ending with her discharge.

Defendant's preliminary objections must, therefore, be sustained.

### Order

And now, February 20, 1961, it is ordered that defendant's preliminary objections to amended complaint filed November 22, 1960, be and the same hereby are sustained.